UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Scott Knutson, | Civ. No. 15-2807 (DSD/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Scott McNurlin, | |
| Respondent. | |

BECKY R. THORSON, United States Magistrate Judge.

Eric Scott Knutson was convicted in Minnesota of first-degree criminal sexual conduct and third-degree assault, crimes for which he was sentenced to 202 months imprisonment. *See State v. Knutson*, No. A13-0913, 2014 WL 3700603, at *2 (Minn. Ct. App. July 28, 2014). Knutson's convictions were affirmed by the Minnesota Court of Appeals, though his sentence was modified by that court to 201 months imprisonment. *Id* at *1, 5. The Minnesota Supreme Court evidently denied further review on September 16, 2014. (*See* Doc. No. 2 at 1.)

This matter is before the Court on Knutson's motion to equitably toll or otherwise extend the limitations period for filing a federal habeas petition under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for challenging a state court judgment in a federal habeas petition, which typically begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28

U.S.C. § 2254(d)(1). A criminal judgment becomes final when the U.S. Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires." *Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653 (2012) (quotation omitted); *accord Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). That said, the federal limitations period is "subject to equitable tolling in appropriate cases" where a petitioner can demonstrate both that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (quotation omitted).

Knutson preemptively seeks to equitably toll the federal limitations period, asserting that he cannot prepare and submit a habeas petition by the "filing deadline [of] September 16, 2015," because he was recently transferred to a different detention facility without his legal files and without meaningful access to a law library, legal materials, or legal assistance. (*See* Doc. No. 1 at 2; Doc. No. 2 at 1–3.) This Court cannot conclude that equitable tolling is appropriate at this time because, contrary to Knutson's asserted belief, his deadline for filing a federal habeas petition will not expire on September 16, 2015, but on December 15, 2015. Knutson mistakenly assumes that he has one year from the Minnesota Supreme Court's denial of his petition for discretionary review in order to file a federal habeas petition. (*See* Doc. No. 2 at 1.) Knutson's judgment of conviction, however, did not become final when the state supreme court denied further review on September 16, 2014, but ninety days later — on December 15, 2014 — when the deadline for seeking a writ of certiorari from the U.S. Supreme Court expired. *See*

*Gonzalez*, 132 S. Ct. at 653; Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Accordingly, under § 2244(d)(1)(a), Knutson has until December 15, 2015 — approximately five months from now — in which to prepare and file a habeas petition.[1]

This Court simply cannot know, at this juncture, whether Knutson will diligently pursue his rights over the next five months and, more importantly, whether he will be prevented from timely filing a federal habeas petition due to some extraordinary circumstance. Knutson's motion for equitable tolling is therefore premature and should be denied without prejudice. If Knutson diligently pursues his rights, he may very well be capable of submitting a habeas petition within the limitations period. And if, despite his diligence, he remains incapable of meeting the filing deadline due to an extraordinary circumstance, he may seek equitable tolling at that time. This Court, however, simply cannot make the required determinations regarding diligence and extraordinary circumstances at this time, particularly given that it is not at all clear that Knutson will be unable to prepare and file a habeas petition within the next five months. Accordingly, this Court recommends that Knutson's motion for equitable tolling be denied without

---

[1] Knutson may, in fact, have even longer to file a federal habeas petition if his allegations regarding the denial of access to legal materials are true. *See* 28 U.S.C. § 2244(d)(1)(B) (providing that the one-year limitations period runs from the latest of four possible dates, including "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action").

3

prejudice and, because that motion is the only matter pending in this case, that this action be dismissed.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Eric Scott Knutson's motion for equitable tolling of the statute of limitations (Doc. No. 1) be **DENIED WITHOUT PREJUDICE**; and

2. This action be **DISMISSED**.

Date: July 13, 2015

*Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation by **July 30, 2015**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).