UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Scott Knutson, | Civ. No. 15-2807 (DSD/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Scott McNurlin, | |
| Respondent. | |

BECKY R. THORSON, United States Magistrate Judge.

Minnesota inmate Eric Scott Knutson is serving a 201-month sentence for first-degree criminal sexual conduct and third-degree assault. *See State v. Knutson*, No. A13-0913, 2014 WL 3700603, at *1, 5 (Minn. Ct. App. July 28, 2014). His convictions were affirmed on direct appeal and the Minnesota Supreme Court denied further review on September 16, 2014. *See id.* at *1; (Doc. No. 2 at 1). Knutson previously filed a motion to equitably toll the limitations period for filing a federal habeas petition under 28 U.S.C. § 2254, arguing that he could not meet the filing deadline because he had been transferred to a new detention facility without his legal files and without meaningful access to a law library, legal materials, or legal assistance. (*See* Doc. Nos. 1, 2.) The Court denied the motion as premature, noting that the federal limitations period would not expire until December 15, 2015, at the earliest, and that it could not determine whether Knutson had diligently pursued his rights and was prevented from timely filing a § 2254 petition due

to some extraordinary circumstance until he actually filed a petition. (Doc. No. 5, R&R at 3; Doc. No. 8, Order Adopting R&R.)

Knutson has now renewed his motion for equitable tolling of the federal limitations period and filed a motion for the appointment of counsel, arguing that he has been working diligently on a habeas petition but still remains without meaningful access to his legal files, an adequate law library, or assistance from persons trained in the law.[1] (Doc. No. 10, Mot. for Appointment of Counsel; Doc. No. 12, Mot. for Tolling of the Statute of Limitations; Doc. No. 13, Pet'r's Aff.) Knutson's renewed motion for equitable tolling remains premature. Once again, until Knutson actually files a habeas petition, this Court cannot determine whether he has diligently pursued his rights throughout the entire period preceding the filing of his petition and was prevented from timely filing due to extraordinary circumstances beyond his control, as required to warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Because equitable tolling is an extraordinary remedy to be applied sparingly, *see Jihad v. Hvass*, 267 F.3d 803, 805–06 (8th Cir. 2001), it would behoove Knutson to focus his attention on timely filing a federal habeas petition. If Knutson, despite such diligence, finds himself unable to fully explain his claims for relief before the expiration of the federal limitations period, he may file a "skeletal" petition that broadly identifies those claims and request additional time to file a

---

[1] Notwithstanding Knutson's claim that he has no meaningful access to legal materials, the memorandum of law that he filed in support of his motion for appointment of counsel contains numerous citations to cases and other legal sources, suggesting that he has some access to legal materials. (*See* Doc. No. 11.)

supporting memorandum. For the time being, however, Knutson's renewed motion for equitable tolling is premature and should be denied.

As for Knutson's request for the appointment of counsel, there is no constitutional or statutory right to counsel in habeas proceedings. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). And while a court has discretion to appoint counsel to represent an indigent prisoner in a § 2254 proceeding if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), Knutson's request for counsel is also premature because he has yet to formally initiate a § 2254 proceeding by filing a federal habeas petition. Until Knutson files a habeas petition, this Court lacks the authority to appoint counsel to represent him in § 2254 proceedings. *See United States v. Nunez-Reynoso*, No. 10-69, 2013 WL 6062146, at *1 (D. Minn. Nov. 18, 2013) (denying a motion for appointment of habeas counsel as premature and finding that "the Court lacks authority to appoint counsel" in a non-capital case until a habeas proceeding is commenced with the filing of "a complete habeas petition"); *United States v. Rodriguez-Rivera*, No. 07-26, 2012 WL 2277784, at *1 (D. Minn. June 18, 2012) (same).

Indeed, even if the Court had the authority to appoint habeas counsel at this juncture, it could not meaningfully exercise its discretion do so because it is unclear what claims Knutson will ultimately raise in a § 2254 petition and whether those claims are both potentially meritorious and so complex as to warrant court-appointed counsel. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (explaining that when exercising its discretion to appoint habeas counsel, a court should consider whether the petitioner's claims are "frivolous or clearly without merit," the legal and factual complexity of the

claims, and the petitioner's ability to investigate and present those claims). Although Knutson broadly asserts that he has a "strong and meritorious" claim of actual innocence, the Supreme Court has yet to recognize freestanding claims of actual innocence as grounds for federal habeas relief and, even if such claims were a valid basis for relief, they would require an extraordinarily high showing of innocence through newly discovered evidence.[2] *See McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1931 (2013); *Herrera v. Collins*, 506 U.S. 390, 400, 417 (1993); *see also Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014). Knutson has not identified the nature of his actual innocence claim with any degree of specificity, thus precluding an independent assessment of either its merit or complexity, nor has he actually raised such a claim in a § 2254 petition. (*See* Doc. No. 11 at 3.)

For these reasons, this Court recommends that Knutson's pending motions for equitable tolling and the appointment of counsel, along with his application for leave to proceed *in forma pauperis*, be denied. And because those motions are the only matters pending in this case, this Court further recommends that this action be dismissed.

---

[2] In *Herrera v. Collins*, the Supreme Court explained that "[c]laims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." 506 U.S. at 400. Nevertheless, the Court left open the possibility, at least in capital cases, that "a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Id.* at 417. The required showing, said the Court, would "necessarily be extraordinarily high." *Id.*

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Eric Scott Knutson's renewed motion for equitable tolling of the statute of limitations (Doc. No. 12) be **DENIED**.

2. Knutson's motion for appointment of counsel (Doc. No. 10) be **DENIED**;

3. Knutson's application to proceed *in forma pauperis* (Doc. No. 14) be **DENIED**; and

4. This action be **DISMISSED**.

Date: November 23, 2015

*Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation by **December 7, 2015**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).